Ronald Lifford **STAFFORD**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–02–00488–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 20, 2003.

Discretionary Review Refused June 11, 2003.

Ken Goode, Houston, for appellant.

Charles A. Rosenthal, Jr., District Attorney–Harris County, Julie Klibert, Assistant District Attorney, Houston, for appellee.

Panel consists of Justices TAFT, KEYES, and HIGLEY.

## OPINION

TIM TAFT, Justice.

A jury convicted appellant, Ronald Lifford Stafford, of robbery and, after having found true the enhancement allegation of appellant's prior conviction for aggravated robbery, assessed punishment at 50 years in prison. We address whether appellant has adequately demonstrated through the record that he was denied effective assistance of counsel. We affirm.

### Facts and Procedural History

As Phillip Wilson was riding his bicycle home, he was approached by appellant in a car. Appellant ordered Wilson to hand over his wallet. Appellant was later arrested and indicted for robbery.

Appellant's trial counsel filed a motion for psychiatric examination, alleging that appellant had a "history of mental illness—schizophrenia" and was incompetent to stand trial. The trial court appointed a clinical and forensic psychologist from the Harris County Mental Health and Mental Retardation Authority, Dr. Steven Rubenzer, to conduct the evaluations. After examining appellant, Dr. Rubenzer stated that appellant appeared to be alert and aware of his circumstances, answered questions about his background without difficulty, and generally gave answers that were rational, were to the point, and made sense. Appellant told Dr. Rubenzer that he did not commit the offense. Dr. Rubenzer also reported that appellant claimed that at times he heard voices and experienced other symptoms of psychosis. Dr. Rubenzer concluded, however, that appellant displayed no outward evidence of psychosis and that his speech was generally goal-directed, relevant, and normal in all respects. Dr. Rubenzer concluded that appellant was sane at the time of the offense and competent to stand trial.

Two months after the competency evaluation, the State made a plea bargain offer of eight years. Appellant rejected this offer, which was immediately withdrawn, and, instead, appellant elected to plead not guilty and to have a jury trial. Appellant presented a misidentification defense at trial. The jury found appellant guilty and assessed punishment at 50 years in prison.

### Alleged Ineffective Assistance of Counsel

In his sole point of error, appellant contends that he was denied effective assistance of counsel because his trial counsel did not request a second sanity and competency examination by a mental-health expert who could help appellant prepare a

defense. Appellant argues that his trial counsel should have requested the assistance of his own mental health expert before permitting appellant to reject the State's plea bargain offer of eight years.

The standard of review for evaluating claims of ineffective assistance of counsel is set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Appellant must show both that (1) counsel's performance was so deficient that he was not functioning as acceptable counsel under the Sixth Amendment and (2) but for counsel's error, the result of the proceedings would have been different. *Id.*, 466 U.S. at 687, 104 S.Ct. at 2064.

 It is the defendant's burden to prove ineffective assistance of counsel. *Id.* A defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.*, 466 U.S. at 689, 104 S.Ct. at 2064; *Gamble v. State*, 916 S.W.2d 92, 93 (Tex.App.-Houston [1st Dist.] 1996, no pet.). An appellate court will not find ineffectiveness based on speculation. *Henderson v. State*, 29 S.W.3d 616, 624 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd); *Gamble*, 916 S.W.2d at 93. Assertions of ineffective assistance of counsel must be firmly founded in the record. *Harrison v. State*, 552 S.W.2d 151, 152 (Tex.Crim.App.1977). In the absence of a record, we must presume that appellant's trial counsel had a plausible reason for his actions. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex.Crim.App.1999).

 Appellant relies on *Woods v. State*, a case in which the Texarkana Court of Appeals found that defendant's trial counsel had rendered ineffective assistance of counsel because he had not requested assistance from a mental-health expert before allowing the defendant to plead guilty and waive his right to appeal. *Id.*, 59 S.W.3d 833 (Tex.App.-Texarkana 2001, pet. granted). However, *Woods* is distinguishable because, in *Woods*, the record provided a substantial amount of information regarding the defendant's previous mental-health history, which indicated that the defendant was not competent to stand trial, including evidence that the defendant was physically abused as a child, that he was committed to a state mental hospital at age 13, and that he was in the hospital for psychiatric problems when the charged offense occurred. *Id.* at 836–38. Here, there is no detailed evidence of a mental illness with which appellant was affected at the time of trial or at the time of the offense, other than appellant's own claim that at unspecified times he heard voices and experienced other symptoms of psychosis and his trial counsel's claim that appellant had "a history of mental illness-schizophrenia." These allegations of mental illness are not supported by specific, objective evidence in the record. *Woods* is also distinguishable because, in *Woods*, the defendant pled guilty, whereas, here, appellant pled not guilty and presented a misidentification defense. Appellant's misidentification defense was incompatible with an insanity defense, a plausible reason for defense counsel not to have pursued further sanity examinations. As for appellant's competency, appellant's trial counsel was in the best position to observe that.

Appellant did not file a motion for new trial. As a result, there is no evidence in the record as to why appellant's trial counsel did not request a second competency and sanity examination by his own mental-health expert. Further, there is nothing in the record to indicate that appellant's trial counsel disagreed with Dr. Rubenzer's diagnoses. To find on this record that appellant's trial counsel was ineffective would call for speculation, which we

will not do. *See Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Crim.App.1994); *Henderson,* 29 S.W.3d at 624. We hold that appellant has not adequately demonstrated that he was denied effective assistance of counsel.

We overrule appellant's sole point of error.

## Conclusion

We affirm the trial court's judgment.