Affirmed and Memorandum Opinion filed January 13, 2009








Affirmed and Memorandum Opinion filed January 13, 2009.

 

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-01098-CR

____________

 

ALLISON MARIE BIRDOW, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 179th
District Court

Harris County, Texas

Trial Court Cause No. 1118988

 



 

M E M O R A N D U M   O P I N I O N

Appellant Allison Marie Birdow challenges her conviction
for robbery, claiming she received ineffective assistance of counsel.  We
affirm.

I.  Factual and Procedural Background

Appellant was charged by indictment with aggravated
robbery.  Appellant=s attorney and the presiding judge signed
an order for appellant=s psychiatric evaluation.  Appellant=s attorney filed
two motions for a psychiatric examination to determine appellant=s sanity and
competency to stand trial, citing the following reasons:








Defendant is a paranoid
schizophrenic.  At the time she is stable on meds.  At the time of the offense,
she had been off her meds for 2 weeks.  She heard voices and had no control
over her response to the voices.  Defendant has previously been inpatient for
psychotic episodes.

The
trial court granted both motions.  The professional performing the evaluations
concluded appellant was sane at the time of the offense, and she was competent
to stand trial.

Appellant=s attorney next filed a motion to appoint
an independent psychiatric expert witness; however, the trial court did not
rule on the motion.  The following day, appellant pleaded Aguilty@ to the reduced
charge of robbery.  After a presentence investigation, the trial court found
appellant guilty of robbery and assessed punishment at ten years= confinement,
based on an enhancement paragraph for a prior conviction.  On appeal, appellant
complains in a single issue that she received ineffective assistance of counsel
because her counsel failed to seek the appointment of a mental health expert to
assist in her defense.

II.  Analysis

Both the
United States and Texas Constitutions guarantee an accused the right to
assistance of counsel. U.S. Const. amend.
VI; Tex. Const. art. I, ' 10; Tex. Code Crim. Proc. Ann. art. 1.051 (Vernon 2005).  This
right necessarily includes the right to reasonably effective assistance of
counsel.  Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052,
2064, 80 L. Ed. 2d 674 (1984); Ex parte Gonzales, 945 S.W.2d 830, 835
(Tex. Crim. App. 1997).  To prove ineffective assistance of counsel, appellant
must show that (1) trial counsel=s representation fell below an
objective standard of reasonableness, based on prevailing professional norms;
and (2) there is a reasonable probability that the result of the proceeding
would have been different but for trial counsel=s deficient performance.  Strickland,
466 U.S. at 688B92; 104 S. Ct. at 2064B67.  Moreover, appellant bears the
burden of proving her claims by a preponderance of the evidence.  Jackson v.
State, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998).  








In
assessing appellant=s claims, we apply a strong presumption that trial counsel
was competent.  Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App.
1999).  We presume counsel=s actions and decisions were reasonably professional and were
motivated by sound trial strategy.  See Jackson v. State, 877 S.W.2d
768, 771 (Tex. Crim. App. 1994).  When, as in this case, there is no proper
evidentiary record developed at a hearing on a motion for new trial, it is
extremely difficult to show that trial counsel=s performance was deficient.  See
Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).  If there is no
hearing or if counsel does not appear at the hearing, an affidavit from trial
counsel becomes almost vital to the success of an ineffective-assistance
claim.  Stults v. State, 23 S.W.3d 198, 208B09 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).  The Court of Criminal Appeals
has stated that it should be a rare case in which an appellate court finds
ineffective assistance on a record that is silent as to counsel=s trial strategy.  See Andrews
v. State, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005).  On such a silent
record, this court can find ineffective assistance of counsel only if the
challenged conduct was A>so outrageous that no competent
attorney would have engaged in it.=@  Goodspeed v. State, 187
S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting Garcia v. State, 57
S.W.3d 436, 440 (Tex. Crim. App. 2001)).  Appellant did not file a motion for
new trial in this case. 








A
defendant is entitled to the assistance of a mental health expert when the
defendant=s sanity is likely to be a significant factor.  See Ake v. Oklahoma,
470 U.S. 68, 74, 105 S. Ct. 1087, 84 L. Ed. 2d 53 (1985).  Appellant=s counsel did move for the  appointment of  an
independent psychiatric expert witness; however, the trial court did not rule on appellant=s motion before appellant pleaded Aguilty@.  But, even presuming without
deciding that on the record before us appellant was entitled to a defense
mental health expert, there is no evidence of counsel=s strategy in failing to secure a
ruling on the motion before appellant entered a Aguilty@ plea.  To the contrary, the record
is silent as to the reasoning or strategy behind counsel=s action or inaction; accordingly,
appellant has not rebutted the strong presumption that counsel exercised
reasonable professional judgment.  See Thompson, 9 S.W.3d at 814.  No
motion for new trial was filed. On this record, to find appellant=s counsel ineffective, we would have
to engage in prohibited speculation.  See Stafford v. State, 101 S.W.3d
611, 613B14 (Tex. App.CHouston [1st Dist.] 2003, pet. ref=d).  Absent evidence of counsel=s strategy, we cannot denounce
counsel=s actions as ineffective nor can we
determine that there is reasonable probability that the outcome would have been
different.  See Maldonado v. State, No. 14-03-00074-CR, 2004 WL 234377,
at *3 (Tex. App.CHouston [14th Dist.] Feb. 10, 2004, pet. ref=d) (mem. op., not designated for
publication).  For this reason, appellant has not met either prong of the Strickland
test.  See id.  Therefore, we overrule appellant=s ineffective-assistance challenge.[1]

Finding no merit in appellant=s sole issue on
appeal, we affirm the trial court=s judgment.

 

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

 

 

Panel consists of Justices Frost, Brown, and Boyce.

Do Not Publish C Tex. R. App. P.
47.2(b).









[1]  Although appellant relies on Woods v. State,
59 S.W.3d 833 (Tex. App.CTexarkana 2001), rev=d on
other grounds, 108 S.W.3d 314 (Tex. Crim. App. 2003), the Texarkana
court lacked jurisdiction to hear the appellant=s claims of ineffective assistance from trial counsel=s failure to request assistance from a mental-health
expert before allowing that defendant to enter a Aguilty@ plea.  See Woods v. State, 108 S.W.3d 314, 316
(Tex. Crim. App. 2003) (AWe conclude that the Court of Appeals erred in
considering appellant=s ineffective assistance allegations.@).  We distinguish Woods because, in this case,
appellant=s counsel did file a motion for an independent
psychiatric expert, unlike the counsel in Woods.