Affirmed and Opinion filed November 9,
2010.

In
The

Fourteenth
Court of Appeals



NO. 14-09-00625-CR



Salvador Torres
Rodriguez, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 149th District Court

Brazoria County, Texas

Trial Court
Cause No. 56,899



 

OPINION

A jury convicted appellant Salvador Torres Rodriguez
of murder and assessed punishment at 50 years’ imprisonment.  Appellant
challenges his conviction in four issues, arguing that the trial court erred by
failing to conduct a sua sponte informal inquiry into his competency, denying
his motion for new trial based on incompetency, denying his request for a
competency examination prior to the hearing on his motion for new trial, and denying
his motion for new trial based on ineffective assistance of counsel.  We
affirm.

Background

On the night of the
murder, appellant was beaten up by a group of men in the trailer park where he
worked as a maintenance man and groundskeeper.  Appellant then drove his truck
into the crowd of men who attacked him, killing one.  Despite the defense’s
argument that appellant was acting in self defense, the jury found him guilty
of murder.  At sentencing, appellant’s daughter explained that appellant had
epilepsy.  After appellant was sentenced, his appellate counsel filed several
motions in the trial court.  First, appellate counsel asked the court to
appoint an expert to evaluate appellant because appellate counsel believed
appellant to be incompetent.  Appellate counsel also filed a motion for new
trial, alleging that appellant had been incompetent to stand trial and that he
received ineffective assistance of counsel.  According to appellant’s brief,
the court held a hearing on the motion to appoint an expert, but this hearing
was not transcribed and does not appear in the record.  The court subsequently
denied the request to appoint an expert, held a hearing on the motion for new
trial, and denied the motion for new trial.  The only witnesses to testify at
the hearing were appellant’s trial counsel and appellant’s daughter.  This
appeal followed.

Analysis

A.         
Competency Inquiries

Appellant argues in his first issue that the trial
court erred by not conducting a sua sponte informal inquiry into his competency
because evidence before the court raised a bona fide doubt as to his
competency.  He argues in his third issue that the trial court erred by denying
his motion for new trial, which alleged he was actually incompetent at the time
of trial.  The State suggests that our review should be limited to the trial
court’s denial of appellant’s motion for new trial and that we need not address
whether the court should have conducted an informal inquiry.  We conclude,
however, that each point of error “relates to trial court conduct at different
stages in the proceedings and, consequently, presents a different issue for
review.”  Brown v. State, 960 S.W.2d 772, 774 (Tex. App.—Dallas 1997,
pet. ref’d).  We address each issue in turn.

1.     
Sua Sponte Informal Inquiry

A defendant is incompetent when he or she lacks (1)
sufficient present ability to consult with counsel with a reasonable degree of
rational understanding or (2) a rational and factual understanding of the legal
proceedings.  Tex. Code Crim. Proc. Ann.
art. 46B.003(a) (West 2006).  A trial court has an obligation to sua sponte
hold an informal inquiry into competency if “evidence suggesting the defendant
may be incompetent to stand trial comes to the attention of the court.”  Tex. Code Crim. Proc. Ann. art. 
46B.004(b) (West 2006).  After the informal inquiry, if the court determines
some evidence exists that would support a finding of incompetence, then the
court must appoint an expert to examine the defendant and hold a trial to
determine whether the defendant is actually incompetent to stand trial on the
merits.  Tex. Code Crim. Proc. Ann.
art. 46B.004–.005 (West 2006).

The “evidence” required to trigger the mandatory
informal inquiry can be any fact brought to the court’s attention that raises a
bona fide doubt regarding the defendant’s competency.  Fuller v. State,
253 S.W.3d 220, 228 (Tex. Crim. App. 2008); Criswell v. State, 278
S.W.3d 455, 458 (Tex. App.—Houston [14th Dist.] 2009, no pet.).  Evidence
sufficient to create a bona fide doubt includes facts regarding the defendant’s
“recent severe mental illness, at least moderate retardation, or truly bizarre
acts by the defendant.”  Fuller, 253 S.W.3d at 228 (quotation omitted). 
Evidence sufficient to create a bona fide doubt may also include any other fact
from a reasonable or credible source that tends to show incompetence.  Alcott
v. State, 51 S.W.3d 596, 599 (Tex. Crim. App. 2001); see also Kostura v.
State, 292 S.W.3d 744, 749 (Tex. App.—Houston [14th Dist.] 2009, no pet.)
(Sullivan, J., concurring).  This evidence need not be sufficient to find a
defendant actually incompetent.  Fuller, 253 S.W.3d at 228.  It must
simply create “‘a real doubt in the judge’s mind as to the defendant’s
competency.’”  Kostura, 292 S.W.3d at 747 (majority opinion) (quoting Alcott,
51 S.W.3d at 599 n.10).  We review a trial court’s implicit decision to not
hold a sua sponte informal inquiry for an abuse of discretion.  Id. at
746. 

A defendant has the right to be competent throughout
his or her entire trial, which includes sentencing.  Casey v. State, 924
S.W.2d 946, 949 (Tex. Crim. App. 1996).  Thus, the Texas competency statutes “allow
competency to be raised, by either party or the judge, at any time before
sentence is pronounced.”  Morris v. State, 301 S.W.3d 281, 290 (Tex. Crim.
App. 2009).  “[S]entencing marks the final act of the trial stage [and] closes
the door on the trial.”  Casey, 924 S.W.2d at 949.  Accordingly, when
determining if the trial court should have had a bona fide doubt as to
competency, we do not typically consider evidence brought to the trial court’s
attention for the first time after sentencing.  See Purchase v. State,
84 S.W.3d 696, 699 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d) (reasoning
that the court should not apply the bona fide doubt standard when all the
evidence of incompetency was presented at the hearing on a motion for new
trial); Freeman v. State, No. 13-98-587-CR, 2001 WL 34401233, at *2 (Tex.
App.—Corpus Christi Aug. 16, 2001) (not designated for publication) (concluding
there was no error in the trial court’s failure to conduct a sua sponte
informal inquiry because the only evidence of incompetency was brought to the
court’s attention on the defendant’s motion for new trial and bill of
exception), rev’d on other grounds, 125 S.W.3d 505 (Tex. Crim. App.
2003).  Rather, we consider only the evidence actually known by the trial court
up until the point of sentencing.  Brown v. State, 960 S.W.2d 772,
775–76 (Tex. App.—Dallas 1997, pet. ref’d) (refusing to consider new evidence
of incompetency presented at the hearing on a motion for new trial for purposes
of determining whether the trial court erred in not making an initial inquiry into
the defendant’s competency); Taylor v. State, 948 S.W.2d 827, 832 (Tex.
App.—San Antonio 1997, pet. ref’d) (same).

Appellant argues, however, that we should consider
evidence brought to the trial court’s attention on his motion for new trial in
our evaluation of whether the court erred by not conducting an informal
inquiry.  The Ninth Court of Appeals recently held that “the bona fide doubt
standard applies to the competency issues raised in [a] motion for new trial,”
and it considered new evidence presented on the motion to determine whether the
trial court should have conducted an informal inquiry after sentencing.  Lasiter
v. State, 283 S.W.3d 909, 926 (Tex. App.—Beaumont 2009, pet. ref’d).  But the
Court of Criminal Appeals has not yet held that courts should apply the bona
fide doubt standard to consider new evidence presented after sentencing.  Nor
does it appear that the amendment to the competency statute in 2003 authorized
courts to follow this procedure, as suggested by the Ninth Court in Durgan
v. State, 259 S.W.3d 219, 222–23 (Tex. App.—Beaumont 2008, no pet.).  The
statute formerly distinguished between issues of incompetency raised “in
advance of the trial” and “during the trial.”  See Tex. Code Crim. Proc. Ann. art. 46.02,
§ 2 (repealed Jan. 1, 2004).  Some courts relied on the “during the trial”
language to conclude that the statute did not apply after sentencing.  See
Durgan, 259 S.W.3d at 222–23.  The legislature removed the “during the trial”
language in 2003 when it adopted a uniform procedure for raising the issue of
incompetency.  See 42 George E.
Dix & Robert O. Dawson, Texas Practice: Criminal Practice and Procedure
§ 26.51a (Supp. 2009-2010) (noting that the amendment “abandoned the
traditional distinction between pretrial and trial procedures”).  But both the
pre- and post-amendment versions of the statute require the trial court to
determine the issue of competency prior to sentencing when the issue is
raised after the trial begins.  Compare Tex. Code Crim. Proc. Ann. art. 46.02, § 4(c) (repealed Jan.
1, 2004) (providing for determination to be made “at any time prior to the
sentencing of the defendant” when issue as to competency is raised “other than
by written motion in advance of trial”), with Tex. Code Crim. Proc. Ann. art. 46B.005(d) (providing for
determination to be made “at any time before sentencing” when issue as to
competency is raised “after the trial begins”).  Simply put, the Texas
competency statute does not apply after sentencing.  See Morris v. State,
301 S.W.3d 281, 290 (Tex. Crim. App. 2009).

Nor does there appear to be a federal constitutional
requirement that a court consider post-sentencing evidence when determining if the
trial court should have had a bona fide doubt as to competency.  In Drope v.
Missouri, 420 U.S. 162 (1975), the defendant moved to vacate his sentence
in part because he alleged he should have received a competency hearing.  Id.
at 168–69; Drope v. State, 498 S.W.2d 838, 839 (Mo. Ct. App. 1973), rev’d,
420 U.S. 162 (1975).  The Missouri Court of Appeals refused to consider
psychiatric testimony from the hearing on the motion to vacate when deciding
whether the trial court should have had a reasonable doubt as to competency:
“We do not find in [Pate v. Robinson, 383 U.S. 375 (1966),] any indication
that the evidence of reasonable doubt of competence can be elicited in the
first instance during a post-conviction proceeding seeking to set aside the
conviction.”  498 S.W.2d at 843.  The United States Supreme Court agreed with
this procedure, noting that it had “not relied on the testimony of the
psychiatrists at the [hearing on the motion to vacate], which, we agree with
the Missouri Court of Appeals, is not relevant to the question” of whether
there was a reasonable doubt as to the defendant’s competency at the time of
trial.  420 U.S. at 181 n.17.

Accordingly, we will consider only the facts known to
the trial court prior to the imposition of appellant’s sentence.  Appellant suggests
the following facts known to the trial court should have created a bona fide
doubt as to appellant’s competency: (1) appellant received a head injury
from a beating he incurred the night of the crime, (2) appellant was being
confined in the jail’s “A row,” which was where people were housed for
disciplinary, protective, or medical reasons, (3) appellant had epilepsy,
and (4) appellant drank alcohol regularly before he was arrested.  These
facts do not show recent severe mental illness, moderate retardation, or truly
bizarre acts.  Nor do these facts suggest that appellant might have been unable
to consult with his attorney or understand the proceedings.  Appellant offered
no explanation for why the court might think otherwise.  Cf. Moore v. State,
999 S.W.2d 385, 395 (Tex. Crim. App. 1999) (finding no error in the trial
court’s failure to hold an informal inquiry when the court knew the defendant
suffered from depression but there was no evidence that he could not understand
the proceedings or assist his attorney); see also Williams v. State,
Nos. 14-09-00042-CR, 14-09-00043-CR, 2010 WL 3921128, at *6 (Tex. App.—Houston
[14th Dist.] Oct. 7, 2010, no pet. h.) (“[E]vidence of impairment does not
support a competency inquiry where there is no evidence indicating the
defendant is unable to consult with his attorney with a reasonable degree of
rational understanding.”)

Further, the court spoke with appellant during a
pretrial proceeding to determine whether appellant needed an interpreter, and
appellant said that he would be able to help his attorney in preparing for
trial and throughout trial.  See McDaniel, 98 S.W.3d at 712 (noting the
appellant’s lucid trial testimony in support of the trial court’s implicit
decision to not hold an informal inquiry); Kostura, 292 S.W.3d at 747
(same).  We hold that there was insufficient evidence to raise a bona fide
doubt as to appellant’s competency, and the trial court did not abuse its
discretion by failing to sua sponte hold an informal inquiry.  We overrule
appellant’s first issue.

2.     
Motion for New Trial

When a defendant raises the issue of incompetency in
a motion for new trial, a court looks to all the evidence—including new
evidence presented on the motion—to determine whether the appellant was
actually incompetent at the time of the trial.[1] 
Purchase, 84 S.W.3d at 699; Edwards v. State, 993 S.W.2d 171,
175–76 (Tex. App.—El Paso 1999, pet. ref’d); Brown, 960 S.W.2d at 778.  The
court does not look to whether the evidence raises a bona fide doubt as to
competency, and it applies the normal standard used in deciding a motion for
new trial whereby the trial court is entitled to resolve conflicts in the
evidence.  Purchase, 84 S.W.3d at 699; Brown, 960 S.W.2d at 778. 
We review a trial court’s denial of a motion for new trial for an abuse of
discretion.  Criswell, 278 S.W.3d at 457

Appellant raised several additional facts at the
hearing on the motion for new trial.  Appellant focuses on two in particular: (1)
appellant had memory problems and (2) appellant’s trial counsel initially
had concerns about appellant’s competency.  The memory problems, however,
primarily concerned minor details such as dates and numbers.  Further, counsel testified,
“I believe that he understood the nature of the charges against him and was
able to assist me in my defense, yes.”  Counsel also said that he discussed a
plea with appellant, and he believed appellant understood the plea.  Appellant
provided counsel with names of witnesses, and appellant’s daughter believed that
appellant was generally aware of what was going on in the case and that he
probably would understand what was going on during trial.  Appellant’s daughter
also said she did not know if he was mentally retarded, but he was able to
maintain a job and support the family.  She believed that the defense’s theory
of the case—that appellant was acting in self defense—came from appellant.

Appellant’s minor memory problems, without supporting
evidence that these problems caused him to be denied a fair trial, do not show
incompetence.  See Jackson v. State, 548 S.W.2d 685, 691–92 (Tex. Crim.
App. 1977).  And an unsupported allegation of incompetence, such as trial
counsel’s initial comment, is not even enough to raise a bona fide doubt as to
competency.  See McDaniel, 98 S.W.3d at 711.  Accordingly, it could not
be the basis for holding that the trial court abused its discretion by denying
appellant’s motion for a new trial.  Appellant did not establish at the hearing
that he was incompetent to stand trial, and looking at all of the evidence
available to the trial court, we see no abuse of discretion.  We overrule
appellant’s third issue.

B.          
Post-Sentencing Request for Competency Examination

Appellant argues in his second issue that the trial
court erred in denying his post-sentencing request for a competency examination
under the Texas competency statute.  He asserts that “a defendant must be
competent at all stages of trial including a hearing on the Motion for New Trial.”
 Under the Texas competency statute, a trial court must appoint an expert to examine
a defendant if evidence exists to support a finding of incompetency.  Tex. Code Crim. Proc. Ann. art. 46B.021(b) (West 2006).

Appellant cites no authority for the argument that a
court may be required to appoint an expert to examine a defendant after
sentencing, and he fails to present “a clear and concise argument for the
contentions made.”  Tex. R. App. P.
38.1(i).  Further, the record in this case is insufficient to establish error
because the hearing on appellant’s motion was not transcribed, and we are left
to speculate whether appellant presented any evidence to support a finding of
incompetency.  See Ortiz v. State, 144 S.W.3d 225, 230 (Tex.
App.—Houston [14th Dist.] 2004, pet. ref’d) (en banc) (unanimous decision)
(explaining that an appellant bears the “burden of developing a sufficient
record in the trial court to demonstrate reversible error on appeal”). 
Accordingly, appellant’s second point of error is waived.

But even if we were to address the merits of
appellant’s argument, we have found no support for the argument that a
defendant may have an expert appointed after sentencing.  See Bronson v.
State, No. 12-09-00129-CR, 2010 WL 702259, at *4 (Tex. App.—Tyler Feb. 26,
2010, no pet.) (mem. op., not designated for publication) (suggesting that the
competency statute might not authorize a trial court to appoint an expert after
sentencing because the statute is “prospective in nature” and it “does not
specifically provide for an examination to determine if a convicted person had
been incompetent to stand trial”).  And even if we assume that a trial court
could appoint an expert after sentencing, the record shows only appellate
counsel’s bare assertion of incompetency without supporting details, which is
insufficient to raise a bona fide doubt.  See McDaniel, 98 S.W.3d at 711;
Moore v. State, 999 S.W.2d 385, 394 (Tex. Crim. App. 1999).  We overrule
appellant’s second issue.

C.         
Ineffective Assistance

In appellant’s fourth
issue, he argues that he received ineffective assistance of counsel.  When, as
here, an appellant raises the issue of ineffective assistance in a motion for
new trial, we review the trial court’s denial of the motion for an abuse of
discretion.  Charles v. State, 146 S.W.3d 204, 207–08 (Tex. Crim. App.
2004), superseded by statute on other grounds by Tex. R. App. P. 21.8(b), as recognized in State v. Herndon,
215 S.W.3d 901, 905 n.5 (Tex. Crim. App. 2007); My Thi Tieu v. State,
299 S.W.3d 216, 223 (Tex. App.—Houston [14th Dist.] 2009, pet. ref’d).  We view
the evidence in the light most favorable to the trial court’s ruling, and we
will reverse only if no reasonable view of the record could support the trial
court’s finding.  Charles, 146 S.W.3d at 208.

A claim of ineffective assistance is governed by the
familiar two-prong test announced by the United States Supreme Court in Strickland
v. Washington, 466 U.S. 668 (1984).  First, the defendant must show that
counsel’s performance was deficient—counsel’s representation fell below an objective
standard of reasonableness.  Id. at 687–88.  A court “must indulge a strong
presumption that counsel’s conduct falls within the wide range of reasonable
professional assistance.”  Id. at 689.  If a defendant cannot show in
the record that counsel’s conduct was not the product of a strategic decision,
“a reviewing court should presume that trial counsel’s performance was constitutionally
adequate ‘unless the challenged conduct was so outrageous that no competent
attorney would have engaged in it.’”  State v. Morales, 253 S.W.3d 686,
696–97 (Tex. Crim. App. 2008) (quoting Goodspeed v. State, 187 S.W.3d
390, 392 (Tex. Crim. App. 2005)).  Second, a defendant must show that counsel’s
deficiency caused prejudice—that the “errors were so serious as to deprive the
defendant of a fair trial, a trial whose result is reliable.”  Id. at
687.  There must exist a reasonable probability that, but for counsel’s
unprofessional errors, the result of the proceeding would have been different. 
Id. at 694.  A defendant must satisfy both of these prongs by a
preponderance of the evidence.  Perez v. State, 310 S.W.3d 890, 893
(Tex. Crim. App. 2010).

Appellant alleges many of trial counsel’s actions
show deficient performance.  But all of appellant’s allegations are cursory,
some of them lack citations to the record, and many of them are contradicted by
the record.  Trial counsel testified at the hearing on the motion for new
trial, so we have insight into counsel’s decisions on some of the alleged
errors.  The record is silent, however, as to others.  We will address these
allegations under the following categories: communication, investigation and
preparation regarding mental health, interviewing and presenting witnesses, and
objections.

1.      Communication

Appellant alleges that counsel did not properly
inform appellant about the proceedings, including a plea offer, and counsel
failed to effectively communicate with appellant.  These allegations are
not supported by the record.  Although appellant’s daughter said she was not
aware of a plea offer in the case, counsel said that he discussed a plea with
appellant and that appellant understood the plea.  Further, counsel testified that
he met with appellant about six times before trial and that appellant gave him
names of witnesses with whom he spoke.  Finally, appellant’s daughter said she
believed that the entire theory of the case presented by counsel—self
defense—came from appellant.  The evidence regarding counsel’s communication
with appellant supports the trial court’s decision to deny the motion.

2.      Investigation
and Preparation Regarding Mental Health

Appellant alleges that counsel allowed appellant to
go to trial when counsel was aware of appellant’s mental illness, did not
adequately investigate appellant’s medical and mental health background for
purposes of mitigation, did not consult medical professionals, did not obtain
appellant’s medical records, and did not secure expert testimony about
appellant’s epilepsy.  Most of these allegations are not supported by the
record.  Counsel was not aware of any mental illness that appellant had, and
appellant has not shown anywhere in the record that appellant has a
neurological disorder other than epilepsy.  Appellant has not demonstrated that
he was incompetent to stand trial, and counsel believed appellant was legally
competent to stand trial.  Further, counsel said that he had sufficient
information about appellant’s medical history to present his defense and make a
competency determination.  At sentencing, appellant’s daughter explained
appellant’s health issues, including his epilepsy, heart problems, and
drinking.  Appellant has failed to show how any further investigation was
necessary or would have affected the outcome of the proceedings.  See Vaughn
v. State, No. 14-08-00522-CR, 2009 WL 3294998, at *4 (Tex. App.—Houston
[14th Dist.] Oct. 15, 2009, pet dism’d) (mem. op., not designated for
publication) (holding that counsel was not ineffective for failing to
investigate mental health background for purposes of mitigation because the
defendant did not prove what further evaluation would have shown and how it
would have affected the punishment); Conrad v. State, 77 S.W.3d 424,
426–27 (Tex. App.—Fort Worth 2002, pet. ref’d) (holding that counsel’s failure
to investigate insanity defense was not ineffective assistance because the
defendant failed to offer evidence at the hearing on the motion for new trial
that would have established insanity).

Counsel stated that he believed appellant was legally
competent because appellant understood the proceedings and assisted him by
providing names of witnesses.  See Stafford v. State, 101 S.W.3d 611,
613 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d) (holding that counsel was
not ineffective for failing to have a mental health expert evaluate the defendant
for competency purposes when there was no detailed evidence of mental illness,
and trial counsel was in the best position to observe competency).  Further,
counsel said that he in fact consulted with medical professionals while
preparing for appellant’s case.  Although counsel might not have reviewed all
the medical records that appellate counsel reviewed, counsel testified that he
reviewed sufficient medical records, including records that contained explicit
details about appellant’s medical history.  Counsel said he did not need
voluminous records regarding appellant’s epilepsy to defend the case under the
theory of self defense, so he did not pursue additional records or secure
expert testimony regarding appellant’s epilepsy.  Counsel said that he made a
strategic choice not to pursue a theory of the case based on an epileptic
seizure but rather that appellant was acting in self defense.  He believed
these two theories would appear inconsistent to the jury, and he made a
strategic decision to pursue only one theory at trial.  Decisions based in
strategy do not constitute deficient performance, Strickland, 466 U.S.
at 689, and the trial court did not err in finding that there was no deficiency
regarding counsel’s investigation and preparation as to appellant’s mental or
physical health. Cf. Stafford, 101 S.W.3d at 613 (holding no ineffective
assistance in failing to investigate insanity defense because it was
incompatible with the already plausible and presented misidentification
defense).

3.      Interviewing
and Presenting Witnesses

Appellant next alleges that counsel did not interview
family members before trial, failed to call relevant witnesses who were
available and would have provided beneficial testimony, should have called more
witnesses to testify at punishment (in particular, family members and
employers), and should have ensured that witnesses were subpoenaed.

Appellant has not identified any particular witnesses
counsel should have called, what these witnesses would have said, or how the
testimony would have benefited appellant’s case during the guilt-innocence or
punishment phases.  A court has no basis for finding deficient performance when
presented with this type of unsupported allegation.  See Perez v. State,
310 S.W.3d 890, 894 (Tex. Crim. App. 2010) (“[T]he failure to call witnesses at
the guilt-innocence and punishment stages is irrelevant absent a showing that
such witnesses were available and appellant would benefit from their
testimony.” (quotation omitted)).  Further, counsel testified that he met with
appellant’s daughter three or four times, and she supplied a list of
witnesses.  He also testified that he met with other family members and other
witnesses who were interviewed by the State and some who were not interviewed
by the State.  Finally, we note that counsel indeed called several witnesses
during both the guilt-innocence and punishment phases of the trial.  Accordingly,
the evidence supports the trial court’s decision.

4.      Objections

Appellant alleges that counsel did not object at
sentencing on cruel-and-unusual or abuse-of-discretion grounds and that “counsel
should have been more effective at the trial and punishment stage by making
more objections.”  Counsel’s failure to object at sentencing was not addressed
at the hearing on the motion for new trial.  Thus, the record is silent as to
counsel’s decision not to object on the two identified grounds.  Further,
appellant has failed to show (or even argue) that such objections, if overruled,
would have constituted reversible error, and we have found no suggestion in the
record that these objections would have preserved meritorious issues for
appeal.  In such a situation, there is no ineffective assistance.  See
Miniel v. State, 831 S.W.2d 310, 324–25 (Tex. Crim. App. 1992) (holding no
deficient performance because failure to object would not have preserved
reversible error); see also Holland v. State, 761 S.W.2d 307, 319
(Tex. Crim. App. 1988) (“[T]rial counsel was under no obligation to do what
would amount to a futile act.”).

Finally, appellant has failed to identify any other
particular objections counsel should have made.  There is no basis for finding
deficient performance on this unsupported allegation.  See Livingston v.
State, No. 14-06-01031-CR, 2008 WL 2262033, at *8 (Tex. App.—Houston [14th
Dist.] May 29, 2008, pet. ref’d) (mem. op., not designated for publication)
(refusing to consider the appellant’s ineffective assistance argument when the appellant
failed to identify a specific objection counsel should have made); Valdes-Fuerte
v. State, 892 S.W.2d 103, 112 (Tex. App.—San Antonio 1994, no pet.) (same).
 

A reasonable view of the evidence supports the trial
court’s decision to deny appellant’s motion for a new trial based on
ineffective assistance, and thus, we find no abuse of discretion.  Appellant’s
fourth issue is overruled.

Conclusion

We conclude that the
trial court did not err by failing to conduct a sua sponte informal inquiry
into appellant’s competency, nor did the court err in denying appellant’s
motion for new trial.  Appellant has also failed to show that the trial court
erred by not ordering a post-sentencing competency examination.  Finally, the
trial court did not err in denying appellant’s motion for new trial based on ineffective
assistance.  We overrule appellant’s issues and affirm the trial court’s
judgment.

 

                                                                                    

                                                                        /s/        Leslie
B. Yates

                                                                                    Justice

 

 

 

Panel consists of Chief Justice Hedges
and Justices Yates and Sullivan.

Publish
— Tex. R. App. P. 47.2(b).

 









[1]
A defendant may also allege in a motion for new trial that the trial court
should have conducted a sua sponte informal inquiry.  See Criswell, 278
S.W.3d at 457, 460.  But in this case, appellant argued in his motion that he
was actually incompetent, not that the court erred by failing to hold an
informal inquiry.