

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-11-00268-CR
_____

STEVEN ANTHONY ALMAGER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 22nd District Court
Hays County, Texas
Trial Court No. CR-10-0106, Honorable Charles Ramsay, Presiding

June 21, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Steven Anthony Almager, was convicted by a jury of the offense of continuous sexual abuse of a child younger than fourteen years of age.[1] He was sentenced to forty years confinement without the possibility of parole.[2] In two points of error, Appellant asserts: (1) his counsel was ineffective for not objecting to extraneous

_____

[1]See Tex. Penal Code Ann. § 21.02(b) (West Supp. 2012).

[2]See Tex. Gov't Code Ann. § 508.145(a) (West 2012).

offense evidence; and (2) the trial court erred in admitting certain extraneous offense evidence. We affirm.

## Background

In November 2008, Appellant was indicted for the commission of two or more acts of sexual abuse during a period of thirty days or more in duration against M.G., a child younger than 14 years of age and not Appellant's spouse.[3] The indictment alleged Appellant committed six counts of aggravated sexual assault of a child[4] and two counts of indecency with a child.[5] The indictment also contained an allegation of family violence, i.e., that, during the commission of the offenses, M.G. was a member of Appellant's family or household.[6] Prior to trial, Appellant filed a *motion in limine* requesting a hearing before the admission of any extraneous offense evidence.

In April 2011, a three-day trial was held. After the jury had been selected, but before the presentation of the State's case-in-chief, Appellant re-urged his *motion in limine* and objected to the admission of any extraneous offense evidence related to Appellant's abuse of M.G.'s brothers or her pets. He asserted the prejudicial effect of the evidence outweighed its probative value. In response, the State argued that the evidence was necessary to show Appellant's method of operation, or *modus operandi.*

---

[3]To protect the victim's and her sibling's privacy, we refer to them by their initials. *See Tex.* Fam. Code Ann. § 109.002(d) (West Supp. 2012). *See also* Tex. R. App. P. 9.8(b).

[4]*See* Tex. Penal Code Ann. § 22.021(a)(B)(i-v) (West Supp. 2012).

[5]*See* Tex. Penal Code Ann. § 21.11(a) (West 2011).

[6]*See* Tex. Fam. Code Ann. §§ 71.001-.007 (West 2008).

The State's theory of admissibility was that Appellant controlled M.G. and her siblings by keeping them in absolute fear of him. The trial court overruled his objection.

In its opening statement, the State asserted that neither M.G. nor her brothers told anyone about their abuse until after Appellant was no longer living with them because they were afraid they would be beaten by him if they disclosed his abuse. Appellant countered the State's theory by asserting M.G.'s mother manipulated M.G. to get back at Appellant, that M.G. did not tell the truth, and that Appellant did not abuse M.G. or her brothers.

At trial, P.G., M.G.'s eleven-year-old brother, testified Appellant beat his face and back with his hands and plastic clothes hangers. L.G., M.G.'s fourteen-year-old brother, testified Appellant beat him with a plastic clothes hanger, punched him in the face, beat him with a belt, forced him to drink vodka until he passed out, and called him derogatory names. Both boys testified they had observed Appellant physically and sexually abuse M.G. They also observed M.G. and Appellant in the shower together. The boys testified they said nothing to anyone due to their fear of further abuse by Appellant.

M.G., who was thirteen years old at the time of trial, testified that Appellant physically abused her and her brothers. She testified to continuous sexual abuse by Appellant over a long period of time. She did not tell anyone of the abuse because she feared additional abuse by Appellant and because he had threatened her mother's life if she said anything about what he was doing to her. M.G. also testified Appellant physically abused and tortured her pets and that as a result of his abuse, both dogs had died. She testified Appellant's behavior toward her pets made her afraid.

3

Janie Mott, a sexual assault nurse examiner, testified M.G.'s statement described detailed accounts of continuous instances where Appellant sexually abused her. Robert Meade, a DPS forensic scientist, also testified Appellant's bedroom comforter had multiple stains containing Appellant's and M.G.'s DNA.

The State's closing did not specifically reference any abuse other than Appellant's sexual abuse of M.G. Appellant's closing attempted to advance defensive theories that the children's mother manipulated them to tell their stories of abuse, that Appellant had no possible motive for abusing the children and that he did not commit the crimes described by M.G.'s testimony. The jury subsequently convicted Appellant and the trial court sentenced him to confinement for forty years. This appeal followed.

## Discussion

Appellant asserts his counsel was ineffective for failing to object to inadmissible extraneous offense evidence of the children's physical abuse. He also contends the trial court abused its discretion by allowing M.G. to testify to Appellant's physical abuse and torture of her pets because any probative value of her testimony was outweighed by undue prejudice. We disagree.

### Ineffective Assistance of Counsel

We examine ineffective assistance of counsel claims by the standard enunciated in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and adopted by Texas in *Hernandez v. State,* 726 S.W.2d 53, 56-57 (Tex.Crim.App. 1986). Appellant has the burden to show by a preponderance of evidence (1) trial

4

counsel's performance was deficient in that it fell below the prevailing professional norms, and (2) the deficiency prejudiced the defendant, that is, but for the deficiency, there is a reasonable probability that the result of the proceedings would have been different. *See Thompson v. State,* 9 S.W.3d 808, 812 (Tex.Crim.App. 1999). Counsel's conduct is viewed with great deference. *Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex.Crim.App. 2005). Any allegation of ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 812.

In the usual case in which an ineffective assistance claim is made, "the record on direct appeal will not be sufficient to show the counsel's representation was so deficient and so lacking in tactical or strategic decision-making as to overcome the presumption that counsel's conduct was reasonable and professional." *Bone v. State*, 77 S.W.3d 828, 833 (Tex.Crim.App. 2002). This is generally the case because a silent record provides no explanation for counsel's actions and therefore will not overcome the strong presumption of reasonable assistance. *Freeman v. State*, 125 S.W.3d 505, 506 (Tex.Crim.App. 2003). The proper procedure for raising a claim of ineffective assistance is almost always *habeas corpus. Aldrich v. State*, 104 S.W.3d 890, 896 (Tex.Crim.App. 2003).

This case demonstrates the inadequacies inherent in evaluating such claims on direct appeal. *See Patterson v. State*, 46 S.W.3d 294, 306 (Tex.App.—Fort Worth 2001, pet. ref'd). Like *Patterson*, Appellant's motion for a new trial did not claim ineffective assistance of counsel and the trial court did not hold a hearing to determine

5

whether Appellant's complaint involved actions that may or may not have been grounded in sound trial strategy.

At trial, not only did the State solicit testimony as to these extraneous offenses but Appellant's counsel also solicited such testimony in his examination of the witnesses in order to impeach their credibility and emphasize inconsistencies in their prior statements. The record is silent as to whether trial counsel's failure to object at trial was a matter of trial strategy, and if so, whether the strategy was sound. Thus, to find Appellant's counsel ineffective, we would have to engage in prohibited speculation. *See Stafford v. State,* 101 S.W.3d 611, 613-14 (Tex.App.—Houston [1st Dist.] 2003, pet. ref'd). *See Thompson,* 9 S.W.3d at 814 (finding that failure to make the required showing of deficient performance defeats an ineffective assistance claim). Moreover, where counsel not only fails to object but elicits the very testimony Appellant finds objectionable, "[w]e decline to hold that such actions which waive evidentiary grounds may automatically be transformed into grounds for relief for ineffective assistance of counsel." *Ex parte Ewing,* 570 S.W.2d 941, 948 (Tex.Crim.App. 1978).

Alternatively, assuming, without deciding, the representation by Appellant's attorney fell below the prevailing professional norms, given M.G.'s testimony of continuous sexual abuse over a long duration coupled with her brothers' corroborative testimony and the incriminating DNA evidence, we cannot find there is a reasonable probability the outcome would have been different even if the trial court would have sustained an objection. In aggravated sexual assault cases, the uncorroborated testimony of the child victim alone is sufficient to support a conviction. *See* Tex. Code Crim. Proc. Ann. art. 38.07(a), (b)(1) (West Supp. 2012). *See also Empty v. State,* 972

S.W.2d 194, 196 (Tex.App.—Dallas 1998, pet. ref'd); *Karnes v. State,* 873 S.W.2d 92, 96 (Tex.App.—Dallas 1994, no pet.). Accordingly, Appellant's first point of error is overruled.

**Extraneous Offense Evidence**

As a general rule, to prevent an accused from being prosecuted for some collateral crime or misconduct, the State may not introduce evidence of crimes, wrongs or other bad acts similar to the offense charged. *Roberts v. State,* 29 S.W.3d 596, 600-01 (Tex.App.—Houston [1st Dist.] 2000, pet. ref'd). Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is inadmissible to prove a defendant's character in order to show action in conformity therewith. Nevertheless, such evidence may "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Tex. R. Evid. 404(b). In addition, a "party may introduce evidence of other crimes, wrongs, or acts if such evidence logically serves to make more or less probable an elemental fact, an evidentiary fact that inferentially leads to an elemental fact, or defensive evidence that undermines an elemental fact." *Martin v. State,* 173 S.W.3d 463, 466 (Tex.Crim.App. 2005).

Whether extraneous offense evidence has relevance apart from character conformity, as required by Rule 404(b), is a question for the trial court. *Moses v. State,* 105 S.W.3d 622, 627 (Tex.Crim.App. 2003). So, too, is a ruling on the balance between probative value and the countervailing factors set out in Rule 403, although that balance

is always biased in favor of the admission of otherwise relevant evidence. *De La Paz v. State,* 279 S.W.3d 336, 343 (Tex.Crim.App. 2009).

We review a trial court's decision to admit extraneous offenses under an abuse-of-discretion standard. *Prible v. State,* 175 S.W.3d 724, 731 (Tex.Crim.App. 2005), *cert. denied,* 546 U.S. 962, 126 S.Ct. 481, 163 L.Ed.2d 367 (2005). We will uphold the trial court's ruling if it is within the zone of reasonable disagreement; *id.,* i.e., "if the evidence shows that (1) an extraneous transaction is relevant to a material, non-propensity issue, and (2) the probative value of that evidence is not substantially outweighed by the danger of undue prejudice, confusion of the issues, or misleading the jury." *De La Paz,* 279 S.W.3d at 344. *See Hernandez v. State,* 205 S.W.3d 555, 558 (Tex.App.—Amarillo 2006, pet. ref'd).

Appellant's counsel's opening statement asserted that M.G.'s allegations of physical and sexual abuse were being fabricated because she was being manipulated by her mother. As such, there is at least a reasonable argument that extraneous offense evidence was admissible for the non-character-conforming purpose of rebutting Appellant's defensive theories. *See Bass v. State,* 270 S.W.3d 557, 563 (Tex.Crim.App. 2008). The incidents of physical abuse of M.G., her brothers, and her pets tend to explain why she and her brothers feared Appellant, why they were compliant with his demands, and why they did not tell anyone about his abuse until he was no longer living in their house.

Furthermore, much of Appellant's argument regarding unfair prejudice simply asserts the evidence was *inherently* prejudicial. Thus, Appellant has failed to establish

8

that the probative value of the evidence *significantly* or *substantially* outweighed its prejudicial effect. *See Segundo v. State,* 270 S.W.3d 79, 87-88 (Tex.Crim.App. 2008). *See also Wyatt v. State,* 23 S.W.3d 18, 26 (Tex.Crim.App. 2000) ("[a]ny evidence presented by the State is generally prejudicial to the defendant"). The trial court, therefore, did not abuse its discretion to decide that the extraneous offense evidence in question was admissible to rebut Appellant's defensive theories. *See Bass*, 270 S.W.3d at 563-64. Alternatively, assuming without deciding the trial court erred, its admission was harmless given the overwhelming evidence of Appellant's guilt. Appellant's second point of error is overruled.

## Conclusion

The trial court's judgment is affirmed.


Patrick A. Pirtle
Justice

Do not publish.