

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-12-00326-CR
_____

JOSEPH DALE MOSS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 21,941-C; Honorable Ana Estevez, Presiding

August 15, 2013

## MEMORANDUM OPINION

### Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Joseph Dale Moss, was convicted by a jury of sexual assault,[1] enhanced, and sentenced to fifty years confinement. On appeal, Appellant contends (1) he was denied his Sixth Amendment right to be confronted with the witnesses against him when the trial court admitted a sexual assault nurse examiner report in the absence

---

[1]See TEX. PENAL CODE ANN. § 22.011 (West 2011).

of the nurse who conducted the examination[2] and (2) his counsel was ineffective for failing to request a mistrial after extraneous offense evidence was admitted without objection. We affirm.

**Right to Confrontation**

Appellant contends that because he was not allowed to cross-examine the Sexual Assault Nurse Examiner who prepared the report admitted into evidence, he was denied his right to face-to-face confrontation and cross-examination as guaranteed by the Sixth Amendment. *See* U.S. Const. Amend. VI; *Crawford v. Washington,* 541 U.S. 36, 42, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

Assuming without deciding that the trial court committed error, a Sixth Amendment Confrontation Clause violation is subject to harmless error analysis. *Rubio v. State*, 241 S.W.3d 1, 3 (Tex.Crim.App. 2007). Before constitutional error can be held harmless, the reviewing court must be able to determine beyond a reasonable doubt that the error did not contribute to the appellant's conviction or punishment. TEX. R. APP. P. 44.2(a); *Chapman v. California*, 386 U.S. 18, 26, 87 S.Ct. 824, 829, 17 L.Ed.2d 705 (1967); *Langham v. State,* 305 S.W.3d 568, 582 (Tex.Crim.App. 2010) (quoting *Scott v. State,* 227 S.W.3d 670, 690-91 (Tex.Crim.App. 2007)). Therefore, if there is a reasonable likelihood that the error materially affected the jury's deliberations, then the error is not harmless beyond a reasonable doubt. *Rubio*, 241 S.W.3d at 3. Ultimately, the question is whether the State has proven beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained. *Id.*

---

[2]Because the examining nurse was out of state, her supervising nurse testified in her place.

2

In determining whether the constitutional error may be declared harmless beyond a reasonable doubt, the following factors are relevant: (1) how important the out-of-court statement was to the State's case; (2) whether the out-of-court statement was cumulative of other evidence; (3) the presence or absence of evidence corroborating or contradicting the out-of-court statement on material points; and (4) the overall strength of the prosecution's case. *Langham,* 305 S.W.3d at 582. The question is not whether the verdict was supported by the evidence; the question is the likelihood that the constitutional error was actually a contributing factor in the jury's deliberations in arriving at their decision, i.e., whether the error adversely affected the integrity of the process leading to the decision. *Id.*

Appellant contends he was harmed because he was prevented from questioning the examining nurse regarding several aspects of her SANE report: the absence of trauma to the complainant's genitalia, her documentation of penetration, any sexual activity by the complainant prior to the alleged incident, and a standard diagram of a female figure depicting the complainant's injuries by shading certain areas of the diagram.

We find nothing in the record that would suggest that "the integrity of the process leading to conviction" was adversely affected. *See Scott,* 227 S.W.3d at 690. First, the report indicated there was no indication of trauma and Appellant's attorney cross-examined the supervising nurse.[3] The report's remaining evidence of penetration was the complainant's statements to the examining nurse. This evidence was cumulative of

---

[3]On cross-examination, Appellant's attorney asked the supervising nurse "hypothetically can no trauma to the female sex organ also be interpreted that no sexual contact occurred?" She answered, "I guess that it could be."

the complainant's direct testimony at trial after which Appellant's attorney conducted a detailed cross-examination into events prior to the incident, the incident itself including the sexual assault, and post-incident occurrences. The female diagram depicting the complainant's injuries was also cumulative of more explicit photographs of the same injuries taken by police prior to the SANE examination and the complainant's testimony on direct/cross-examination. Furthermore, the complainant's testimony, corroborated by the police photographs and investigating officer's testimony, did not contradict the SANE report in any material way.

Having evaluated the entire record, we cannot say there was any likelihood that constitutional error was actually a contributing factor to the jury's deliberations in arriving at their decision given the overall strength of the State's case and we believe the State has proven beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained. Thus, assuming error, we conclude Appellant did not suffer harm. Appellant's first issue is overruled.

### Ineffective Assistance of Counsel

Appellant asserts his counsel was ineffective for failing to request a mistrial after the complainant testified during cross-examination that, in the early part of their relationship, Appellant was in jail or on work release. Although the complainant's testimony violated the trial court's ruling on Appellant's motion in limine regarding extraneous offense evidence, Appellant's attorney did not object, move to strike, or seek an instruction to disregard the testimony. The State counters that the record is insufficient to conclude Appellant's trial counsel was ineffective.

4

We examine ineffective assistance of counsel claims by the standard enunciated in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex.Crim.App. 1986). Appellant has the burden to show by a preponderance of evidence (1) trial counsel's performance was deficient in that it fell below the prevailing professional norms, and (2) the deficiency prejudiced the defendant; that is, but for the deficiency, there is a reasonable probability that the result of the proceeding would have been different. *See Thompson v. State,* 9 S.W.3d 808, 812 (Tex.Crim.App. 1999). Counsel's conduct is viewed with great deference; *Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex.Crim.App. 2005), and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson,* 9 S.W.3d at 812.

In the usual case in which an ineffective assistance claim is made, "the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision-making as to overcome the presumption that counsel's conduct was reasonable and professional." *Bone v. State,* 77 S.W.3d 828, 833 (Tex.Crim.App. 2002). This is generally the case because a silent record provides no explanation for counsel's actions and therefore will not overcome the strong presumption of reasonable assistance. *Freeman v. State,* 125 S.W.3d 505, 506 (Tex.Crim.App. 2003). The appropriate procedure for raising a claim of ineffective assistance is almost always a *habeas corpus* proceeding. *Aldrich v. State,* 104 S.W.3d 890, 896 (Tex.Crim.App. 2003).

This case demonstrates the inadequacies inherent in evaluating claims on direct appeal. *See Patterson v. State,* 46 S.W.3d 294, 306 (Tex.App.—Fort Worth 2001, pet.

5

ref'd).  Here, no motion for a new trial claiming ineffective assistance of counsel was filed and no hearing was held to determine whether Appellant's complaint involved actions that may or may not have been grounded on sound trial strategy.  Courts "commonly assume a strategic motive if any can be imagined and find counsel's performance deficient only if the conduct was so outrageous that no competent attorney would have engaged in it."  *Andrews v. State,* 159 S.W.3d 98, 101 (Tex.Crim.App. 2005).  Here, trial counsel may have made a strategic decision not to object or request an instruction to disregard complainant's cross-examination testimony in order to avoid drawing attention to the testimony or appearing disagreeable with the complainant in front of the jury.

To find Appellant's counsel ineffective on this record, we would have to engage in prohibited speculation.  *See Stafford v. State,* 101 S.W.3d 611, 613-14 (Tex.App.— Houston [1st Dist.] 2003, pet. ref'd).  Absent evidence of counsel's strategy, we cannot denounce his actions as ineffective nor can we determine there is a reasonable probability that the outcome would have been different.  For this reason, Appellant has not met either prong of the *Strickland* test.  Appellant's second issue is overruled.

**Conclusion**

The judgment of the trial court is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

6