Kara Elizabeth CRISWELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–07–00750–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 6, 2009.

---

**14.** *See Reidweg,* 981 S.W.2d at 403.

**456**

Thomas Joseph Lewis, Houston, for Appellant.

Jessica Akins McDonald, Houston, for state.

Panel consists of Justices ANDERSON, FROST, and Senior Justice HUDSON.*

* Senior Justice J. Harvey Hudson sitting by

## OPINION

JOHN S. ANDERSON, Justice.

Appellant, Kara Elizabeth Criswell, appeals her conviction for theft from an elderly person in an amount between $1,500 and $20,000. Tex. Health & Safety Code Ann. § 31.03 (Vernon 2003). Following a bench trial, appellant was found guilty as charged. Appellant's conviction was enhanced by two prior felony convictions and the trial court sentenced appellant to twenty-five years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Tex. Pen.Code Ann. § 12.42(d) (Vernon 2003). We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

The complainant, Earsell Branch, was born on May 10, 1922. Complainant is the aunt of appellant. When appellant experienced medical problems associated with her positive HIV diagnosis, she moved into complainant's house.

Sheila Green, complainant's niece and appellant's cousin, eventually learned complainant's bank account was overdrawn and checks were being returned for insufficient funds. To investigate this situation, Ms. Green had her aunt execute a durable power of attorney on her behalf and obtained her bank records. Ms. Green found thirty-eight checks that were not authorized by complainant. Many of these checks were made out to appellant or were for her benefit. Complainant testified she never wrote a check to appellant nor gave appellant permission to write checks on her behalf. Ms. Green filed a complaint with the police and Detective James Brooks came to complainant's house to investigate. Complainant confirmed she had not given appellant permission to write any checks in her name. Detective Brooks then interviewed appellant. Dur-

assignment.

ing this interview appellant executed a written statement admitting writing thirty-seven of the unauthorized checks totaling $16,140.

Prior to trial, contending appellant was unable to understand the charges against her or consult with him in a rational manner, appellant's trial counsel filed a "Motion for Psychiatric Exam for Competency," which the trial court granted. Harris County Forensic Psychiatric Services was to conduct the examination and file the report by September 7, 2007, the date set for appellant's trial. No psychiatric examination report is found in the appellate record nor was it mentioned during appellant's bench trial.

When appellant was arraigned, she initially pled guilty. However, once she learned the range of punishment was between twenty-five and ninety-nine years' confinement, appellant began to change her plea back and forth between guilty and not guilty. At that point the trial court entered a not guilty plea for appellant. Appellant then waived her right to a jury trial. When the trial court called the case to trial, appellant announced "ready" for trial. Following the presentation of the evidence, the trial court found appellant guilty. Appellant then stipulated she had been previously convicted of two felony offenses: criminal mischief and forgery. The trial court then sentenced appellant to twenty-five years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

Following her conviction, appellant filed a motion for new trial asserting she was entitled to a new trial because, at the time of her trial, she was suffering from mental illness which prevented her from understanding the consequences of her waiver of her right to a jury trial and from assisting her trial counsel in presenting her defense. The trial court denied appellant's motion.

## DISCUSSION

In two issues, appellant contends the trial court erred (1) when it put appellant to trial without conducting an inquiry into appellant's mental competence; and (2) when it denied appellant's motion for new trial based on appellant's contention the trial court was required to conduct an inquiry into appellant's mental competence and failed to do so.

### A. The Standard of Review

■ We review a trial court's failure to conduct a competency inquiry under an abuse of discretion standard. *LaHood v. State*, 171 S.W.3d 613, 617–18 (Tex.App.-Houston [14th Dist.] 2005, pet. ref'd) (citing *Moore v. State*, 999 S.W.2d 385, 393 (Tex.Crim.App.1999)). Similarly, the standard of review for a trial court's denial of a motion for new trial is whether the trial court abused its discretion. *Charles v. State*, 146 S.W.3d 204, 208 (Tex.Crim.App. 2004). The test for abuse of discretion "is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action; rather, it is a question of whether the trial court acted without reference to any guiding rules or principles, and the mere fact that a trial court may decide a matter within its discretionary authority differently than an appellate court does not demonstrate such an abuse." *State v. Herndon*, 215 S.W.3d 901, 907–08 (Tex.Crim.App.2007). We do not substitute our own judgment for the trial court's judgment. *Charles*, 146 S.W.3d at 208.

### B. Did the trial court err when it did not conduct an inquiry into appellant's mental competence?

■ A conviction obtained while the defendant is legally incompetent violates due process of law. *McDaniel v. State*, 98

S.W.3d 704, 709 (Tex.Crim.App.2003) (citing *Pate v. Robinson,* 383 U.S. 375, 378, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966)). A defendant is presumed competent to stand trial and shall be found competent to stand trial unless proven incompetent by a preponderance of the evidence. *LaHood,* 171 S.W.3d at 618 (citing Tex.Code Crim. Proc. Ann. art. 46B.003(b) (Vernon 2006)). A defendant is incompetent to stand trial if he does not have (1) sufficient present ability to consult with his attorney with a reasonable degree of rational understanding, or (2) rational as well as factual understanding of the proceedings against him. *Id.* (citing Tex.Code Crim. Proc. Ann. art. 46B.003(a)).

■ If evidence suggesting a person may be incompetent to stand trial comes to the attention of the trial court raising a bona fide doubt as to the defendant's competency, the court must conduct an informal inquiry outside the jury's presence to determine whether there is evidence to support a finding of incompetency to stand trial. *Id.* In the inquiry, the court must determine whether there is some evidence to support a finding of incompetency, and, if the court so finds, it must then commence a hearing before a jury. *Id.* The requirements of each step must be fulfilled before the next step becomes applicable. *Id.* Evidence capable of creating a bona fide doubt about a defendant's competency may come from the trial court's own observations, known facts, evidence presented, motions, affidavits, or any other claim or credible source. *Id.* Evidence is usually sufficient to raise a bona fide doubt if it shows recent, severe mental illness, at least moderate retardation, or truly bizarre behavior by the defendant. *Id.* If the evidence warrants a competency hearing and the trial court denies the defendant a competency hearing, the defendant is deprived of his constitutional right to a fair trial. *Id.*

■ In her first issue, appellant contends there was sufficient information available to the trial court both before and during appellant's trial to invoke the trial court's duty under article 46B.004 to conduct an informal inquiry into appellant's competence to stand trial. According to appellant, this information consisted of the following: (1) appellant filed three pro se motions to dismiss her court-appointed counsel and wrote letters to the trial court criticizing her trial counsel and requesting probation; (2) appellant rejected a plea bargain offer of ten years' incarceration in the penitentiary when faced with a minimum sentence of twenty-five years if found guilty; (3) appellant's contradictory answers at her arraignment as well as her trial testimony; and (4) appellant's trial counsel filed a Motion for Psychiatric Exam for Competency, which the trial court granted. Appellant then argues the trial court abused its discretion because the appellate record does not show this informal inquiry.

■ With regard to the first item raised by appellant, the fact a defendant may disagree with or be dissatisfied with her trial counsel is not probative of competence to stand trial. *See Reed v. State,* 112 S.W.3d 706, 711 (Tex.App.-Houston [14th Dist.] 2003, pet. ref'd) (holding that filing pro se motions did not demonstrate incompetence but instead demonstrated only appellant's dislike of his appointed counsel). Accordingly, appellant's initial contention does not establish an abuse of discretion by the trial court.

Turning to appellant's second contention, while it may, in hindsight, appear to have been an unwise decision by appellant to reject the plea bargain offered by the State, appellant cites no authority for the proposition that a rejection of a plea bar-

gain demonstrates incompetence to stand trial. Accordingly, we refuse to hold that a criminal defendant, who decides to stand by her presumption of innocence and require the State to prove, beyond a reasonable doubt, that she is guilty of the charged offense, suggests she is mentally incompetent to stand trial.

Appellant also contends appellant's contradictory answers at her arraignment and her trial testimony were sufficient to require the trial court to conduct an inquiry into appellant's competence. We disagree.

The appellate record demonstrates appellant was able to communicate with the trial judge and her defense counsel and demonstrated an understanding of the proceedings against her. Far from constituting evidence of a lack of understanding of the proceedings against her, appellant's apparent indecisiveness on her plea instead demonstrates a very rational understanding of the difficult position she found herself in as she realized the weight of the evidence against her as well as the length of her potential punishment as an habitual offender. In addition, there was nothing irrational or bizarre about appellant's trial testimony. Appellant testified she took money from the complainant to buy drugs, to pay household bills, a car note, and student loans. Appellant also testified she took the money from the complainant knowing the complainant would not have given her permission to use the money if she had asked. Because appellant's conduct during her arraignment and her trial testimony do not demonstrate bizarre behavior, severe mental illness, or at least moderate retardation, it does not rise to a level sufficient to require the trial court to conduct an inquiry into appellant's mental

competence. *See Salahud–din v. State,* 206 S.W.3d 203, 209 (Tex.App.-Corpus Christi 2006, pet. ref'd) (trial court did not abuse its discretion when it did not order a competency hearing after defendant testified in his own defense at trial, lucidly answering questions and attempting to establish self-defense as a justification for his actions).

In her fourth contention, citing article 46B.004, appellant asserts the trial court was required to conduct an informal inquiry into appellant's competence to stand trial once appellant's trial counsel filed the "Motion for Psychiatric Exam for Competency." Assuming without deciding that the mere act of filing a motion for competency examination automatically invokes the trial court's duty to conduct an informal inquiry into the defendant's competence, we conclude the appellate record establishes the trial court conducted such an informal inquiry. In an unpublished opinion addressing facts similar to those at issue here, this court held the trial court's granting of a defendant's motion for a psychological evaluation constitutes some evidence the trial court conducted an inquiry into the defendant's mental competence but is no evidence of incompetency. *McGowan v. State,* No. 14–05–00139–CR, 2006 WL 56105 *2 (Tex.App.-Houston [14th Dist.] Jan. 12, 2006, pet. ref'd) (not designated for publication). While this case has no precedential value, we find the reasoning persuasive and adopt it here. Because the appellate record establishes the trial court conducted an inquiry into appellant's mental competence, it did not abuse its discretion when it allowed appellant's trial to go forward.[1] We overrule appellant's first issue.

---

1. To the extent appellant's first issue can be construed to argue the trial court abused its discretion when it allowed appellant to be tried even though the ordered competency examination had apparently not occurred, the result does not change. On September 10, 2007, appellant's case was called to trial and appellant announced "ready." Appellant did

**C. Did the trial court abuse its discretion when it denied appellant's motion for new trial?**

Following her conviction, appellant filed a motion for new trial asserting she was incompetent at the time of her trial. The trial court denied appellant's motion. In her second issue on appeal, appellant contends the trial court abused its discretion when it denied her motion for new trial. Because the grounds asserted in appellant's motion for new trial are identical to appellant's contentions found in her first issue on appeal, and we have overruled appellant's first issue, we overrule appellant's second issue for the same reasons.

CONCLUSION

Having overruled appellant's two issues on appeal, we affirm the trial court's judgment.

not inform the trial court the ordered competency examination had not occurred and did not object to going to trial on that basis. Accordingly, appellant waived consideration of this contention on appeal. *See* TEX.R.APP. P. 33.1(a); *Ballard v. State,* 514 S.W.2d 267, 268 (Tex.Crim.App.1974).