**Opinion filed January 31, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00066-CR

_____

## RICHARD FIELDS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CR23425**

---

### M E M O R A N D U M   O P I N I O N

Richard Fields appeals from a judgment in which the trial court revoked Appellant's community supervision and imposed a sentence of confinement for ten years. In his sole issue, Appellant contends that the trial court erred when it failed to hold a formal competency trial before it held a hearing on the State's motion to revoke. Appellant has not challenged the sufficiency of the evidence to support the

trial court's ultimate finding that Appellant had violated some of the terms and conditions of his community supervision.  We affirm.

On April 22, 2016, Appellant pleaded guilty to the offense of failure to comply with sex offender requirements.  The trial court sentenced Appellant to confinement for ten years, but suspended the imposition of his sentence and placed him on community supervision for a period of ten years, subject to various terms and conditions.  Seven months later, on November 22, 2016, the State filed a motion to revoke Appellant's community supervision.  The State alleged that Appellant had violated many of the terms and conditions of his community supervision.  The trial court set the initial hearing on the motion for January 17, 2017.

At the outset of the hearing, Appellant's trial counsel verbally raised the issue of Appellant's competency to stand trial based on information that trial counsel had received from Appellant's sister.  Trial counsel informed the trial court that— although he and Appellant had previously discussed Appellant's mental health issues, namely Appellant's diagnosis of multiple personality disorder—Appellant's sister recently described Appellant as "becoming different people."  Trial counsel further stated that "they know [Appellant] has names for the different people and sometimes they talk to [Appellant]."  In light of his discussion with Appellant's sister, trial counsel orally requested a competency evaluation.  The trial court immediately granted the request and suspended the proceedings pending the evaluation.  Two days later, the trial court ordered a psychiatric examination to determine whether Appellant was competent to proceed with the hearing.

On January 27, 2017, Dr. Harold D. Scott, M.D. evaluated Appellant.  After Dr. Scott had evaluated Appellant, he prepared and filed a report with the trial court.  In the report, Dr. Scott concluded that Appellant "is currently competent to stand trial."  Dr. Scott sent the report not only to the trial court but also to Appellant's trial

counsel and to the State. The trial court subsequently signed an "Attorney Fee Voucher" for Dr. Scott's services to the court.

The trial court set a new hearing on the State's motion to revoke for March 13, 2017. At the beginning of the revocation hearing, the trial court acknowledged that "there's been psychiatric evaluations done." The following exchange then occurred:

> THE COURT: So, Mr. Fields, do you understand what they are accusing you of doing?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: You have the right legally to have the State read this Motion to Revoke, and so your attorney said that you will waive it, so do you wish to waive it or do you want [the State] to read it?
>
> THE DEFENDANT: I wish to waive it, sir.
>
> THE COURT: Okay. Then that's approved. So how do you plead to the various allegations, true or not true?
>
> THE DEFENDANT: Not true.

The trial court then asked Appellant's trial counsel about Appellant's competency to stand trial:

> THE COURT: And as I said, there's been a psychiatric evaluation, and so there's not any question of his current competency, is there, [defense counsel]?
>
> [DEFENSE COUNSEL]: No, Your Honor.
>
> THE COURT: All right. So, then in that light[,] your plea of not true is accepted and the State may call its first witness.

After both the State and Appellant presented evidence, the trial court found that Appellant had violated various terms and conditions of his community supervision. Again, Appellant has not challenged the sufficiency of the evidence to support those findings.

In Appellant's sole issue, he contends that the trial court erred when it failed to hold a formal competency trial. According to Appellant, because the trial court

3

found "some evidence" of incompetency during its informal inquiry, it was required to hold a formal competency trial to determine whether Appellant was competent to stand trial.

We review challenges to a trial court's determination of a defendant's competency to stand trial for an abuse of discretion. *Montoya v. State*, 291 S.W.3d 420, 426 (Tex. Crim. App. 2009), *superseded by statute on other grounds as stated in Turner v. State*, 422 S.W.3d 676, 692 & n.31 (Tex. Crim. App. 2013); *see also Luna v. State*, 268 S.W.3d 594, 600 (Tex. Crim. App. 2008). In determining whether the trial court abused its discretion, we do not substitute our own judgment for that of the trial court; instead, we determine whether the trial court's decision was arbitrary or unreasonable. *Montoya*, 291 S.W.3d at 426. A trial court's firsthand factual assessment of a defendant's competency is entitled to great deference on appeal. *Ross v. State*, 133 S.W.3d 618, 627 (Tex. Crim. App. 2004).

"As a matter of constitutional due process, a criminal defendant who is incompetent may not stand trial." *Boyett v. State*, 545 S.W.3d 556, 563 (Tex. Crim. App. 2018); *accord Turner*, 422 S.W.3d at 688. The legislature has codified this due-process requirement to ensure that legally incompetent criminal defendants do not stand trial. *See* TEX. CODE CRIM. PROC. ANN. arts. 46B.003–.005 (West 2018). A person is presumed to be competent, and the burden is on the criminal defendant to prove incompetency by a preponderance of the evidence. *Id.* art. 46B.003(b). Substantively, incompetency to stand trial is shown if the defendant does not have "(1) sufficient present ability to consult with the person's lawyer with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding of the proceedings against the person." *Id.* art. 46B.003(a). Procedurally, a trial court employs two steps for making competency determinations before it may conclude that a defendant is incompetent to stand trial. The first step is an informal inquiry; the second step is a formal competency trial. *Id.* arts. 46B.004–.005.

An informal inquiry is called for when there is a "suggestion" from any credible source that the defendant may be incompetent. *Id.* art. 46B.004(a), (c), (c-1). "Either party may suggest by motion, or the trial court may suggest on its own motion, that the defendant may be incompetent to stand trial." *Id.* art. 46B.004(a). Upon such a suggestion, the trial court "may appoint" an expert to (1) examine the defendant and report to the court on his competency or incompetency and (2) testify as to the issue of competency or incompetency of the defendant at any trial or hearing involving that issue. *Id.* art. 46B.021(a). At the informal inquiry, there must be "some evidence from any source that would support a finding that the defendant may be incompetent to stand trial." *Id.* art. 46B.004(c).

If, after its informal inquiry, the trial court determines that some evidence exists to support a finding of incompetency to stand trial, the trial court must take two additional steps. *See id.* art. 46B.005(a), (b). First, the trial court "shall appoint" an expert to perform the duties described in subsection (a) of Article 46B.021, as outlined above. *See id.* art. 46B.021(b); 46B.005(a). And second, the trial court must hold a formal competency trial to determine whether the defendant is incompetent to stand trial, subject to one narrow exception. *Id.* art. 46B.005(b). A formal competency trial is not required if "(1) neither party's counsel requests a trial on the issue of incompetency; (2) neither party's counsel opposes a finding of incompetency; and (3) the court does not, on its own motion, determine that a trial is necessary to determine incompetency." *Id.* art. 46B.005(c).

The linchpin of Appellant's argument on appeal is that the trial court found "some evidence" of incompetency during its informal inquiry. Appellant asserts that the evidence that supports a finding that he may have been incompetent includes: (1) the trial court's "order of an evaluation," (2) "the record of proceedings," and (3) "the payment voucher from a psychiatrist." Here, after Appellant's trial counsel had suggested that Appellant might be incompetent and had requested a competency

5

evaluation, the trial court immediately ordered a psychiatric examination. Appellant claims that, "[w]ith this exchange, the first prong of the statute was met, where the court determined after this informal inquiry that some evidence existed to support a finding of incompetency." Appellant maintains that, because the trial court failed to hold a formal competency trial at that point, it abused its discretion. We disagree.

We conclude that the record does not reflect that the trial court found any evidence to support a finding of incompetency during its informal inquiry; thus, the trial court was not required to hold a formal competency trial. *See id.* art. 46B.005(a)–(b). Although the trial court ordered a psychiatric examination to determine whether Appellant was competent to stand trial, the mere fact that the trial court ordered such an evaluation, and thereafter signed a payment voucher for the expert's services, does not constitute evidence of incompetency. *See Ayers v. State*, No. 01-14-00621-CR, 2016 WL 316490, at *4 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (mem. op., not designated for publication); *Criswell v. State*, 278 S.W.3d 455, 459 (Tex. App.—Houston [14th Dist.] 2009, no pet.). Rather, the psychiatric examination was a procedure specifically requested, ordered, and performed *to determine* whether there was some evidence of incompetency during the informal inquiry; it was not evidence of incompetency itself. Further, "the record of proceedings," more generally, likewise does not establish "some" evidence of incompetency.

Appellant appears to take the position that trial counsel's suggestion alone that Appellant may be incompetent to stand trial and the trial court's grant of trial counsel's request for a competency evaluation constituted the extent of the trial court's informal inquiry. Appellant also mistakenly assumes that the trial court's order, in which it instructed Dr. Scott to determine whether Appellant was competent to stand trial, occurred after the conclusion of its informal inquiry. The record, however, reflects that the trial court's order was a part of the informal inquiry and

6

that the informal inquiry extended into the beginning of the revocation hearing on March 13, 2018, after Dr. Scott had evaluated Appellant and reported his findings to the trial court and the attorneys. *See* CRIM. PROC. art. 46B.021(a)(1) (stating that, on a suggestion of incompetency, the trial court may order an expert to examine the defendant about his competency to stand trial).

In his report, Dr. Scott concluded that Appellant was competent to stand trial. Although Dr. Scott did not testify and although his report was not admitted into evidence, the record reflects that the trial court acknowledged Dr. Scott's psychiatric evaluation and the report that he had submitted. The trial court questioned Appellant about whether he understood the accusations against him, and Appellant responded in the affirmative. In addition, the trial court asked trial counsel whether, in light of the psychiatric evaluation, there was any concern about Appellant's current competency to stand trial. Trial counsel responded: "No, Your Honor." After this exchange, which marked the end of the informal inquiry, the trial court proceeded to hear the merits of the State's motion. Thus, contrary to Appellant's assertion, after the informal inquiry, the trial court did not rule that some evidence existed to support a finding that Appellant may have been incompetent to stand trial.

Moreover, we note that, during the informal inquiry, Appellant did not present any evidence to suggest that he lacked "sufficient present ability to consult with [his] lawyer with a reasonable degree of rational understanding" or "a rational as well as factual understanding of the proceedings against [him]." *See id.* art. 46B.003(a). Appellant neither objected to the trial court's moving forward with the revocation hearing nor requested a formal competency trial after the informal inquiry. Therefore, on this record, Appellant has failed to overcome the presumption of competency. *Id.* art. 46B.003(b).

Based on Dr. Scott's competency evaluation and the trial court's subsequent questioning of Appellant and trial counsel, the trial court could have reasonably

concluded that Appellant was competent to stand trial.  Because there was no evidence at the informal inquiry from which the trial court could rationally infer that Appellant was incompetent to stand trial, the trial court did not abuse its discretion when it did not hold a formal competency trial.  *See Turner*, 422 S.W.3d at 692 (discussing that a formal competency trial is only required if there is some evidence during the informal inquiry "that rationally may lead to a conclusion of incompetency" (quoting *Ex parte LaHood*, 401 S.W.3d 45, 52–53 (Tex. Crim. App. 2013))).  Accordingly, we overrule Appellant's sole issue.

We affirm the judgment of the trial court.


JIM R. WRIGHT
SENIOR CHIEF JUSTICE


January 31, 2019

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.