In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00373-CR**
_____

**ERIK RONALD ROD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Cause No. 21-07-09824-CR**

**MEMORANDUM OPINION**

Appellant Erik Ronald Rod (Rod or Appellant) appeals his conviction for arson. *See* Tex. Penal Code Ann. § 28.02(d)(2). Rod pleaded "not guilty," but the jury found him guilty and found that Rod used a deadly weapon—namely, fire—during the commission of the offense. After a hearing on punishment, the jury assessed punishment at fourteen years of confinement. Rod timely filed a notice of appeal. In a single issue, Rod argues that the trial court erred because it did not follow

1

required procedures for determining incompetency and because it failed to order a formal competency hearing. We affirm.

Pertinent Background[1]

Approximately eleven months after Rod was indicted and five months before trial, Rod's attorney filed a Motion Suggesting Incompetency and Request for Ex[a]mination wherein he alleged, "[t]here is an issue in this cause regarding whether Defendant is 'competent' to stand trial." In the motion, the attorney requested that Rod be examined by a psychiatrist or expert of Rod's choosing. The motion did not state a factual basis for the alleged "issue" regarding competency. The motion also requested an "incompetency trial" if the trial court determined there was evidence to support a finding of incompetence.

On June 16, 2022, the trial court signed an order that stated, in relevant part,

> [T]he Court considered the suggestion of incompetency to stand trial in this cause with respect to Erik Rod, Defendant, and the Court is of the opinion that there is evidence to support a finding of incompetency and that Defendant should be examined as provided by Article 46B021 of the Texas Code of Criminal Procedure.
> It is, therefore, ORDERED that Dr. Wendy Elliott shall examine Erik Rod to determine if Erik Rod is incompetent to stand trial in this cause, as provided by Article 46B of the Texas Code of Criminal Procedure.

---

[1] Appellant does not challenge the sufficiency of the evidence to support his conviction, so we limit our discussion of the evidence at trial to the issue he raises on appeal.

At a pretrial hearing that was held just prior to jury selection, Rod's attorney told the trial court,

> So I did want to put [] on the record that we have concerns about Mr. Rod's competency. Wendy Elliott tried to evaluate him and he refused to talk to her. Case law and the statute is pretty clear that he is deemed competent if he refuses to cooperate. But we do have concerns that he will not cooperate.
>     In addition, he is eligible for probation and he has refused to apply for probation.

The following exchange then occurred:

> The Court: So the other question I wanted to ask is, [your attorneys] do have some concerns that you had a chance to talk to -- remind me again --
>
> [Defense counsel]: Dr. Elliott.
>
> The Court: -- Dr. Elliott, who is a psychologist. And you didn't want to talk to her and you didn't feel comfortable --
>
> The Defendant: I am 100 percent of sound mind.
>
> The Court: Well, you seem to be. And you have always been very articulate. I can understand what you are saying. I think you understand that these are your attorneys --
>
> The Defendant: Yes.
>
> The Court: -- and the role of everybody in the courtroom.
>
> The Defendant: Absolutely.
>
> The Court: I just want to make sure. Because it if is a problem --
>
> The Defendant: It is not.

The Court: -- then we could stop and take a breath and I can let your attorneys talk to you about that.

The Defendant: We are good.

The Court: If you have any questions, let me know. Okay?

The Defendant: Okay.

The Court: So I will make a finding that you do appear competent. . . .

After the State presented its case-in-chief but before the State rested, the defendant's attorney asked to address the court off the record. After a discussion at the bench, the trial court stated,

So we are outside the presence of the jury. It has been brought to my attention that the original order that I signed on behalf of the Defense when they requested that I appoint a psychologist on the issue of incompetency made some finding.

And so I am going to -- with the permission of both sides, I am going to withdraw that order and I am going to instruct the clerk -- she is not present in the courtroom -- but I will instruct her to withdraw that.

You know, I do have to say on the record that Mr. Rod does appear to be aware and know who his attorneys are. He knows who I am. He knows what the charge is. He seems to be aware of the severity of the case and seems to know what he is doing. And so I am going to make a finding that he does appear to be competent.

Also I am going to make a finding that I think he still has the right to refuse to speak to a psychologist. He has that absolute right. And he has refused to talk to the psychologist that I appointed to assist Defense.

And I know that you-all have requested of your client that he cooperate with Dr. Elliott and that he assist you in the defense that way. But he is not willing and does not want to pursue that. And so he has that absolute right.

So I will make a finding that he does appear to be competent today -- and yesterday. He seems to be thoughtful. He is taking notes

and he is assisting in questioning the witnesses and he has not shown any problems to me in the court.

. . .

It is an interesting thing because he also made the decision not to file an application for probation, which is also his right.

You know, I have had defendants back when I was practicing law that made that choice because they just did not want to be on probation. It only happened a couple of times, but I have seen it happen. And, you know, you have to basically advocate for your client but also be mindful that he gets to make decisions.

After the State rested, the defense called no witnesses and rested. The jury found Rod guilty as charged in the indictment and found that Rod used a deadly weapon in committing the offense. After a hearing on punishment, the jury assessed punishment at fourteen years of confinement. Rod timely filed a notice of appeal.

Issue

In a single issue, Appellant argues that the trial court erred by not following statutory procedures for determining incompetency and by not ordering a formal competency hearing. According to Appellant, the trial court "should have found some evidence of incompetency[]" because a doctor was ordered to evaluate him and because "there were findings on issues of incompetency." Appellant cites to the trial court's order of June 16, 2022, wherein the trial court ordered Rod to submit to an examination by Dr. Wendy Elliott, even though the trial court withdrew and vacated that order. Appellant also alleges in his appellate brief that the trial court "made comments" about the appellant not cooperating with his counsel and getting

5

agitated with his attorneys at other court appearances.[2] In addition, Appellant argues that it was not logical that he did chose not to apply for probation because, if he was found guilty, he would not be able to move, and Appellant suggests the refusal to apply for probation shows that he did not understand the potential consequences of that decision. According to Appellant, these instances of his behavior constitute more than a scintilla of evidence of incompetency that requires a formal hearing.

Standard of Review and Applicable Law

We review the trial court's decision regarding whether to conduct a competency hearing under an abuse of discretion standard of review. *Moore v. State*, 999 S.W.2d 385, 393 (Tex. Crim. App. 1999). Under this standard, we do not substitute our judgment for that of the trial court, but we determine whether the trial court's decision was arbitrary or unreasonable. *Montoya v. State*, 291 S.W.3d 420, 426 (Tex. Crim. App. 2009), *superseded by statute on other grounds*, Tex. Code Crim. Proc. Ann. art. 46B.004(c-1), *as stated in Turner v. State*, 422 S.W.3d 676, 692 (Tex. Crim. App. 2013).

"[A] defendant is presumed competent and bears the ultimate burden of proving incompetence to stand trial[.]" *Clark v. State*, 592 S.W.3d 919, 925 (Tex. App.—Texarkana 2019, pet. ref'd). That said, "Article 46B places certain

---

[2] The appellant's brief does not contain any record references to support this contention.

6

responsibilities on the trial court to inquire into the matter independently and force the parties to litigate the issue, if necessary." *Id*.; *see* Tex. Code Crim. Proc. Ann. arts. 46B.003(b), 46B.004(a), 46B.005(a). "A criminal defendant who is incompetent may not be put to trial without violating due process." *Turner*, 422 S.W.3d at 688. The Legislature has adopted the constitutional standard for making competency determinations. *See* Tex. Code Crim. Proc. arts. 46B.003, 46B.004, 46B.005. Incompetency to stand trial is shown if the defendant does not have: "(1) sufficient present ability to consult with the person's lawyer with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding of the proceedings against the person." *Id.* art. 46B.003(a).

A trial court employs a two-step process in making competency determinations before it may ultimately conclude that a defendant is incompetent to stand trial. *Boyett v. State*, 545 S.W.3d 556, 563 (Tex. Crim. App. 2018). The first step is an informal inquiry, and the second step is a formal competency trial. *Id.* An informal inquiry is called for upon a "'suggestion'" from any credible source that the defendant may be incompetent. *Id.* (citing Tex. Code Crim. Proc. Ann. art. 46B.004(a), (c), (c-1)). To move to the next step, a formal inquiry, there must be "'some evidence from any source that would support a finding that the defendant may be incompetent to stand trial.'" *Id.* (citing Tex. Code Crim. Proc. Ann. art. 46B.004(c)). The "'suggestion'" of incompetency required to trigger the mandatory

7

informal inquiry can be made by either party or the trial court may sua sponte suggest that a defendant may be incompetent to stand trial. Tex. Code Crim. Proc. Ann. art. 46B.004(a). A suggestion of incompetence "may consist solely of a representation from any credible source[.]" *Id.* art. 46B.004(c-1).

The Court of Criminal Appeals examined the application of the two-step process in *Boyett*, explaining that during the informal inquiry, if "some evidence" of incompetency is presented, then the trial court must order a psychiatric or psychological competency examination, and except for certain exceptions, it must thereafter hold a formal competency hearing. *Boyett*, 545 S.W.3d at 563 (citing Tex. Code Crim. Proc. Ann. arts. 46B.005(a), (b), 46B.021(b)). No specific formal procedure must be followed by the trial court in making the informal inquiry. *George v. State*, 446 S.W.3d 490, 501 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). During the informal inquiry, a court should focus on whether there is "some evidence" of incompetency to stand trial. *Boyett*, 545 S.W.3d at 563 (citing Tex. Code Crim. Proc. Ann. art. 46B.004(c)).

The constitutional standard for *competency* to stand trial asks whether the defendant has a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him. *See* Tex. Code Crim. Proc. Ann. art. 46B.003(a); *Dusky v. United States*, 362 U.S. 402, 402 (1960); *Turner*, 422 S.W.3d

8

at 689. During the informal inquiry, a trial court must consider only evidence of incompetency, and it must not weigh evidence of competency against the evidence of incompetency. *Boyett*, 545 S.W.3d at 564. At the informal inquiry stage, "'the standard for requiring a formal competency trial is not a particularly onerous one— whether putting aside the evidence of competency, there is more than a scintilla of evidence that would support a rational finding of fact that the accused is incompetent to stand trial.'" *Id.* at 564 (quoting *Turner*, 422 S.W.3d at 696). Some evidence must be presented at the informal inquiry stage to show that a defendant's mental illness is the source of his inability to participate in his own defense. *Id.* There must be "'some evidence from which it may rationally be inferred *not only* 1) that the defendant suffers some degree of debilitating mental illness, and that 2) he obstinately refuses to cooperate with counsel to his own apparent detriment, *but also* that 3) his mental illness is what fuels his obstinacy.'" *Id.* (quoting *Turner*, 422 S.W.3d at 696) (emphasis original). It is not enough to present evidence of either a defendant's mental illness alone or refusal to cooperate with counsel—rather, there must be some evidence indicating that the defendant's refusal to rationally engage with counsel is caused by mental illness. *Id.*

Analysis

Starting with the first step of the analysis required by article 46B.004, we look at whether there was a "suggestion" of incompetency from any credible source. *See*

9

Tex. Code Crim. Proc. Ann. art. 46B.004(a); *Boyett*, 545 S.W.3d at 563. If there was such a suggestion, then the trial court was required to conduct an informal inquiry. *See* Tex. Code Crim. Proc. Ann. art. 46B.004(a); *Boyett*, 545 S.W.3d at 563. The suggestion may be made by motion. *See* Tex. Code Crim. Proc. Ann. art. 46B.004(a).

Here, prior to trial, defense counsel filed a "Motion Suggesti[ng] Incompetency and Request for Ex[a]mination" alleging "[t]here is an issue in this cause regarding whether Defendant is 'competent' to stand trial[.]" The record reflects that the trial court signed an Order (which was later withdrawn and vacated by the trial court) stating that it had considered the suggestion of incompetency, and the trial court ordered Dr. Wendy Elliott to examine the defendant to determine if he was competent to stand trial and ordered the defendant to submit to an examination by Dr. Elliott.

The record reflects that Rod refused to be examined by Dr. Elliott. When questioned about why he had refused the examination, Rod told the trial court he refused because he was "100 percent of sound mind."[3] No report from nor testimony by Dr. Elliott appears in the record. During the pretrial the defense attorney notified

---

[3] The Fifth Amendment privilege against compelled self-incrimination applies to an examination to determine whether a defendant is competent to stand trial. *See generally Estelle v. Smith*, 451 U.S. 454 (1981). And "[an] expert's opinion on the defendant's competency or incompetency may not be based solely on the defendant's refusal to communicate during the examination." *See* Tex. Code Crim. Proc. Ann. art. 46B.025(a-1).

10

the trial judge that Rod had refused to be examined by Dr. Elliott and Rod had refused to apply for probation.

> [Defense Attorney]: So I did want to put that on the record that we have concerns about Mr. Rod's competency. Wendy Elliott tried to evaluate him and he refused to talk to her. Case law and the statute is pretty clear that he is deemed competent if he refuses to cooperate. But we do have concerns that he will not cooperate.
> In addition, he is eligible for probation and he has refused to apply for probation.

When questioned by the trial court about his decision to refuse to be examined by Dr. Elliott and to decline probation, Rod confirmed he had refused the examination, he refused to apply for probation, and that he understood his attorneys, as well as the role of everyone else in the courtroom. The trial court made a finding that Rod was competent, and the trial court withdrew its previous Order of June 16, 2022. The previous Order is stamped "vacated."[4]

On appeal, Appellant has not identified any evidence in the record showing that he suffered "some degree of debilitating mental illness" and we find no evidence in the record that such mental illness caused him an inability to consult with his attorneys or to have a factual understanding of the proceedings. *See Boyett*, 545 S.W.3d at 563-64 (citing *Turner*, 422 S.W.3d at 696). Therefore, there was no evidence before the trial court "'from which it may rationally be inferred *not only*

---

[4] Appellant does not argue on appeal that the trial court erred by vacating this Order.

1) that the defendant suffers some degree of debilitating mental illness, and that 2) he obstinately refuses to cooperate with counsel to his own apparent detriment, *but also that 3) his mental illness is what fuels his obstinacy.*'" *See id.* at 564 (quoting *Turner*, 422 S.W.3d at 696) (emphasis original). Without such evidence, the trial court was not required to order a competency trial. *See id.* So, we conclude that the trial court did not err by failing to order a competency trial. *See id.*

Appellant's attorney also argues that Rod's decision stating he did not want to apply for probation was "not logical[,]" and he contends that decision is *some evidence* of incompetency because it reflects that Rod did not understand the potential consequences of his decision. Even assuming that Appellant's decision could be characterized as illogical, Appellant cites no authority to support his argument that an "illogical" decision is some evidence of incompetency and sufficient to require a competency trial. *See* Tex. R. App. P. 38.1(i) (requiring an appellate brief to cite to relevant authority). In addition, the record reflects that, when the trial court questioned Rod about his decision not to apply for probation, Rod stated, "I am not calling every single day to drug test. I am not doing this. It is going to limit what I can and can't do. It is going to bind me in one place. And maybe I might want to leave in a year." The trial court explained the consequences of not applying for probation would mean if he was convicted, the sentence would include jail time and he could not ask for probation, and Rod responded, "Yes, ma'am." The

12

trial court further stated it had observed other defendants decide not to apply for probation because it is expensive, and they would rather "just serve their time." Therefore, we reject Appellant's argument that his decision not to apply for probation was some evidence of incompetency. We also reject Appellant's argument that the trial court's comments from other hearings where the trial court may have stated that Rod had been "agitated or angry" with his attorneys was sufficient evidence to require a formal competency trial. Simply because a defendant is agitated or angry at his attorney, does not mean he is incompetent to stand trial. *See, e.g.*, *Lindsey v. State*, 544 S.W.3d 14, 23, 25 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd) (finding that a defendant's disruptiveness and distrust of his attorneys were not probative of competence to stand trial); *George*, 446 S.W.3d at 501 ("[D]isruptive courtroom conduct and a general failure to cooperate are not probative of incompetence to stand trial."); *Criswell v. State*, 278 S.W.3d 455, 458-59 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (a defendant's disagreement or dissatisfaction with counsel is not probative of competence to stand trial). We overrule Appellant's issue.

Having overruled Appellant's issue, we affirm the trial court's judgment.

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on July 17, 2023
Opinion Delivered September 13, 2023
Do Not Publish

Before Golemon, C.J., Johnson and Wright, JJ.

14